UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| REYNARD J. GREGOIRE | CIVIL ACTION NO. 3:13-cv-0038 |
| LA. DOC #603131 | |
| VS. | SECTION P |
| | JUDGE JAMES T. TRIMBLE, JR. |
| KEVIN COBB, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Reynard J. Gregoire filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 7, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Elayn Hunt Correctional Center (EHCC), St. Gabriel, Louisiana; however, when he filed suit he was incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. He complains that he was denied appropriate treatment for a hernia while he was imprisoned at FPDC and he sued Franklin Parish Sheriff Kevin Cobb, Warden Chad Lee, and Nurse Sonya Smith seeking money damages.  On January 17, 2013, he filed an amended complaint naming additional defendants – Dr. Charles Reed, Captain Donnie Johnson, and Nurse Dana Villiman – and requesting that he be transferred to EHCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff filed his original complaint on January 7, 2013, while he was still incarcerated at FPDC. [Doc. 1]  According to his original complaint, plaintiff requested "sick call" on December

4, 2012. He complained to Nurse Smith that he "... had a hernia in [his] stomach..." Smith put plaintiff on the list of inmates to be examined by a physician and on some unspecified date he was examined by a physician at the E.A. Conway Hospital. The physician concluded that plaintiff did not have a hernia and had him returned to FPDC.

Plaintiff continued to request placement on the "sick call list" but the nurse refused and advised plaintiff to submit a prisoner grievance. Plaintiff was examined by the nurse on January 2, 2013, and she gave him Zantac and herbal tea for indigestion.  According to plaintiff, he continued to bleed from his rectum but received improper medical care.  He concluded the original complaint by asking the Court to order the defendants to pay for "stomach surgery" and to compensate him for pain and suffering caused by his untreated hernia.

On January 28, 2013, plaintiff filed an amended complaint. [Doc. 5]  Therein he alleged that he was transferred to FPDC on November 27, 2012. He requested sick call for stomach pain on December 4, 2012. Nurse Smith opined that he had a stomach hernia and had him return to his dorm. Plaintiff again requested sick call and on December 17, 2012, he was transported to E. A. Conway Hospital for diagnostic testing. He was then returned to FPDC and given Zantac and a laxative for gas and told to lose weight. Plaintiff advised the medical staff that the pain he was experiencing was not gas, but his claim was dismissed and he was returned to his dormitory. He continued to request sick calls and finally submitted a grievance.  His grievance was answered and plaintiff was advised that Zantac had been prescribed by a physician, presumably the physician who examined him at E.A. Conway on December 17. Plaintiff continued to complain of pain to no avail and then, on January 8, 2013, he began vomiting, experiencing sweats and chest and stomach pain. Plaintiff was again examined by Nurse Smith who again opined that plaintiff's pain was caused by gas.  Captain Johnson threatened to charge plaintiff with a

disciplinary rules violation because he believed that plaintiff was malingering. Plaintiff was then transported to E. A. Conway Hospital where physicians advised him that he was having a heart attack.  He was then transferred to Glenwood Hospital where he "flat-lined, died and had to be revived." The physicians determined that he had coronary artery blockages and they installed arterial  stents and discharged him on January 15, 2013.  Unspecified medications were prescribed but plaintiff claims that these medications were not provided immediately upon his return to FPDC.

The following day, January 16, 2013, plaintiff was examined by Nurse Villiman who informed him that his medications had been ordered.  The prescribed medication was provided within 36 hours.  Plaintiff demanded a transfer to a DOC medical facility but his request was initially denied.  In his amended complaint he added additional defendants as noted above and concluded his amended complaint by alleging medical malpractice on the part of the defendants.

In a letter post-marked January 28, 2013, and received on January 30, 2013, plaintiff advised the Court of his transfer to Elayn Hunt Corrections Center. [Doc. 5]

### Law and Analysis

#### 1. Screening

Since plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his  civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A which authorizes such screening even if the prisoner-plaintiff has, like plaintiff, paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

Plaintiff has provided a detailed complaint; further amendment is unnecessary.

**2. Medical Care**

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A

4

showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants  identified in his pleadings. Indeed, the pleadings indicate that plaintiff arrived at FPDC on November 27, 2012.  He made his first sick call on December 4, 2012, within a week of his arrival. In his original complaint, he implied that he advised Nurse Smith that he had a hernia; in the amended complaint he alleged that it was Nurse Smith who arrived at that diagnosis. In any event, within two weeks of that date, or on December 17, 2012, he was transported to the E.A. Conway Hospital where diagnostics apparently established that he had no hernia. At that time he was prescribed over-the-counter medications such as Zantac and an herbal laxative and advised to lose weight.  He then experienced vomiting and sweats on January 8, 2013, and was taken again to the E.A. Conway Hospital where staff physicians determined that he was having a heart attack.  He was thereafter transferred to Glenwood Hospital where he was revived.  Physicians at that hospital installed arterial stents to alleviate the blockage and plaintiff remained hospitalized until January 15, 2013, when he was returned to FPDC. He was examined by the FPDC nurse on January 16, 2013, and advised that his medications had been ordered; and, according to plaintiff, a period of only 36 hours elapsed before he was provided the medication. Plaintiff was then transferred to his present place of confinement on January 28.

Based on the foregoing chronology, it is manifestly obvious that plaintiff disagreed with

the decisions, diagnosis and treatment protocols ordered by the health care professionals who were responsible for his care and treatment.  Plaintiff's disagreement with their treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, as previously noted, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and,  that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837. Here, plaintiff specifically faults the defendants for their medical malpractice and as such fails to state a claim for which relief may be granted.

In short,  plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint as frivolous and for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**
*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, February 19, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE